Filed 8/10/23  P. v. Wilburn CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C096581 |
| Plaintiff and Respondent, | (Super. Ct. No. 21FE009379) |
| v. | |
| TERRENCE LAMAR WILBURN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Terrence Lamar Wilburn filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the record, we will affirm the judgment.

1

BACKGROUND

The prosecution charged defendant with threatening a public officer (Pen. Code, § 71; count one)[1] and misdemeanor battery against a peace officer (§ 243, subd. (b)). The prosecution also alleged defendant had two prior strike convictions: A 2017 assault with a deadly weapon (§ 245, subd. (a)(1)) and a 2002 assault with intent to commit a felony (§ 220). Defendant entered a *Faretta*[2] waiver and proceeded in the case pro se. The prosecution later dismissed count two.

Before trial, defendant filed a variety of motions, including discovery motions and motions to dismiss for lack of a speedy preliminary hearing and/or trial.

At trial, parole agent Joshua Grey testified for the prosecution. As part of his duties, he conducted home visits and random drug tests of parolees. On the day of the offense, Agent Grey visited defendant at a Travelodge to conduct a home visit. Defendant's parole program involved gift card incentives in which defendant would earn gift cards for completing designated activities. On the day before the offense, defendant had argued with Grey on the phone about whether he would be getting gift cards. When Grey knocked on defendant's door, defendant opened the door, retreated to the back of the room, and yelled, "Just give me the damn drug test, because this is the last one you're going to get."

Agent Grey approached defendant with a urinalysis bottle and defendant slapped his hand, knocking the bottle to the floor. Grey asked defendant to explain his behavior, and defendant "took an aggressive stance," and said, "What is your bitch ass going to do about it?" Grey thought the situation was "becoming unsafe" and went to the stairwell outside the room to call his supervisor. As Grey went down the steps, defendant

---

[1] Undesignated statutory references are to the Penal Code.

[2] *Faretta v. California* (1974) 415 U.S. 975.

continued to yell at him and threaten to "beat [his] ass." Grey stayed under the outdoor walkway near the stairs to provide himself cover if defendant threw anything at him. Grey was concerned for his own safety and thought defendant would try to fight him. Defendant continued to yell and threw a bottle at Grey's car.

Parole agent Jeffrey Lewis arrived a short time later to support Grey. The two went to defendant's room and placed him under arrest; defendant yelled at Grey, saying: "You couldn't do anything yourself. I would have beat your ass." As they placed defendant in the car, defendant said, "I should have just swung on you when I opened the door. That would teach you."

Agent Lewis testified that when he arrived at the Travelodge, he saw defendant yelling at Grey from the second story of the motel. Lewis corroborated Grey's testimony that they handcuffed defendant and defendant yelled at Grey.

Defendant called his brother-in-law to testify. On the morning of the offense, the brother-in-law was in the Travelodge parking lot and saw Agent Grey arrive. He could not see into the motel room but heard defendant yelling. He agreed defendant yelled at Grey and called him names, but denied defendant made any threats.

Defendant also called his ex-girlfriend to testify. She said she overheard a conversation between defendant and Agent Grey the day before the offense; defendant had asked the agent for gift cards and mail. Grey told defendant he needed to get a job and defendant replied he was disabled. Grey told defendant he would bring defendant's mail and gift cards the next day for his home visit.

The jury found defendant guilty of threatening a public officer on January 3, 2022. The trial court found the prior strike allegations true based on the certified records of conviction. Defendant stipulated that he did not comply with the terms of his parole, that he had served a prior prison term, and that he was on parole at the time of the current offense.

After defendant received several extensions to file a motion for a new trial but had not yet filed such motion, the trial court sentenced defendant on May 20, 2022.  The court imposed the midterm sentence of two years, doubled for the prior strikes, for a total of four years.  Considering defendant's ability to pay, the court imposed a restitution fine (§ 1202.4) of $1,000, a $30 criminal conviction assessment (Gov. Code, § 70373), and a $40 court operations assessment (§ 1465.8).  Several days later, defendant filed motions for a new trial.

## DISCUSSION

Counsel filed an opening brief setting forth the facts of the case and requesting this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed.  This court granted defendant four extensions of time providing an additional 122 days for filing any briefing, and defendant did not file a supplemental brief within the allotted time  period.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                                    /s/
                                    _____
                                                 Duarte, J.


We concur:



        /s/
_____
Earl, P.J.



        /s/
_____
Horst, J.*



_____

* Judge of the Placer County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5